**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11876

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

IKE JACKSON, JR.,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:24-cr-00060-MTT-CHW-1

————————————

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

Ike Jackson appeals his 200-month sentence of imprisonment for possession with intent to distribute 40 grams or more of

fentanyl, seeking to argue that his attorney rendered ineffective assistance of counsel at his sentencing.  The government, in turn, moves to dismiss Jackson's appeal pursuant to the sentence appeal waiver in his plea agreement, an issue Jackson anticipated and addresses in his brief.  After thorough review, we dismiss the appeal.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008).  We also review *de novo* whether a defendant knowingly and voluntarily waived his right to appeal his sentence.  *United States v. Benitez-Zapata*, 131 F.3d 1444, 1446 (11th Cir. 1997).

A sentence appeal waiver found in a plea agreement will be enforced if it was made knowingly and voluntarily.  *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993).  To establish that a sentence appeal waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Id*. at 1351; *see also* Fed. R. Crim. P. 11(b)(1)(N) (requiring that the district court inform the defendant of the terms of an appeal waiver).  The touchstone for assessing whether an appeal waiver was knowing and voluntary is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances.  *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020).

"Plea agreements, like contracts, should be interpreted consistent with the parties' intent." *United States v. Hardman*, 778 F.3d

896, 900 (11th Cir. 2014). "The language of a plea agreement should be given its ordinary and natural meaning unless the parties indicate otherwise." *Id.* "[A]s long as an appeal waiver is voluntarily and knowingly entered into as part of a valid plea agreement, and that agreement is accepted by the court, the waiver is enforceable" and "cannot be vitiated or altered by comments the court makes during sentencing." *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006). Further, we've "never adopted a general 'miscarriage of justice' exception to the rule that valid appeal waivers must be enforced according to their terms." *King v. United States*, 41 F.4th 1363, 1368 n.3 (11th Cir. 2022). "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). There is a strong presumption that the statements made during a plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

The Supreme Court has granted a petition for writ of certiorari to consider: (1) whether the only permissible exceptions to a sentence appeal waiver are for claims of ineffective assistance of counsel or that a sentence exceeds the statutory maximum; and (2) whether an appeal waiver applies when the sentencing court advises a defendant that he has the right to appeal and the government does not object. *Hunter v. United States*, 146 S. Ct. 288 (2025). However, we've explained that "[g]rants of certiorari do not themselves change the law, and must not be used by courts as a basis to grant relief that would otherwise be denied." *In re Bradford*, 830

F.3d 1273, 1275 (11th Cir. 2016) (citation modified). "Until the Supreme Court issues a decision that actually changes the law, we are duty-bound" to apply our precedent. *Gissendaner v. Comm'r, Georgia Dep't of Corr.*, 779 F.3d 1275, 1284 (11th Cir. 2015).

Here, Jackson's appeal waiver is enforceable. For starters, the record reflects that Jackson was competent to waive his right to appeal his sentence. At the change-of-plea hearing, Jackson confirmed that he had obtained a General Equivalency Diploma, could read and write, and was not under the influence of any drugs, alcohol, or medication. As for the Presentence Investigation Report's reference to Jackson's history of mental health and substance abuse issues, Jackson reported at the change-of-plea hearing that his mind was clear, he was not receiving any treatment for any mental illness, and he was not suffering from any serious illnesses. As we've noted, Jackson's statements to the district court under oath at the hearing are entitled to a presumption of truth. *Medlock*, 12 F.3d at 187. This is especially true since nothing else in the hearing suggests that Jackson was incompetent to enter his plea agreement, and Jackson never argues to us that any competency issues affected his ability to knowingly and voluntarily enter into the plea.

The record also shows that Jackson knowingly and voluntarily waived the right to appeal his sentence. *Bushert*, 997 F.2d at 1351. At the hearing, Jackson stated that he had signed and initialed the plea agreement, had read and reviewed the agreement with his counsel, and understood the plea agreement. The appeal waiver in the agreement he signed provided that:

[Jackson] knowingly and voluntarily waives any right to appeal [his] sentence . . . . [Jackson]'s sentence appeal waiver does not apply if:

(1) the Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the Court at the time of sentencing; (2) the Court imposes a sentence that exceeds the statutory maximum; or (3) the United States appeals [Jackson]'s sentence under the authority of 18 U.S.C. § 3742(b).

The agreement further stated that Jackson "waive[d] any right to collaterally attack [his] conviction and sentence under 28 U.S.C. § 2255, or to bring any other collateral attack, except that [he] shall retain the right to bring a claim of ineffective assistance of counsel." It also provided that the waiver did not bar him from filing a habeas corpus petition under 28 U.S.C. § 2241.

At the hearing, the district court detailed the appeal waiver provision, noting that Jackson had "give[n] up [his] right to appeal and [his] right to seek review of [his] sentence," subject to three exceptions. The court asked if Jackson had reviewed the waiver provision with his counsel, and Jackson said that he had. The court then listed the exceptions to the waiver like this: "You can appeal if I give you a sentence longer than the guideline range I have calculated, you can appeal if I give you a sentence longer than the statutory maximum, and you can appeal if the Government files an appeal." The court continued: "With regard to your right to seek review of your sentence, sometimes called collateral review or habeas corpus review, you give that right up except on the grounds

of ineffective assistance of counsel." Jackson affirmed that he "freely and voluntarily" agreed to "give up [his] right to appeal and [his] right to seek review of [his] sentence except as stated in the plea agreement," and that he understood the court's explanation and did not have any questions about giving up his right to appeal or seek review of his sentence. The district court thus expressly discussed the appeal waiver with Jackson and Jackson confirmed that he understood its terms and was freely entering his guilty plea. The waiver was made knowingly and voluntarily.

Further, the claim Jackson seeks to raise on appeal is that his trial attorney was ineffective for failing to object at sentencing when the district court imposed a sentence within the guideline range after commenting that: (1) based on Jackson's criminal history and the circumstances of the current offense involving fentanyl, "a sentence at the top of the guideline would be warranted"; (2) based on his "actual role in the offense," a sentence "below the bottom of the guideline range is appropriate"; and (3) the sentence would be 200 months, which the court later correctly described as "within" the guidelines. But bringing an ineffectiveness claim on direct appeal plainly is barred by the sentence appeal waiver in his plea agreement. The appeal waiver bars *any* appeal of his sentence, on direct appeal or collaterally, *except* where his sentence exceeded the advisory guideline range or the statutory maximum; the government appeals his sentence; or he raises, collaterally, a claim of ineffective assistance of counsel. Jackson's 200-month sentence does not exceed the statutory maximum of 40 years' imprisonment, nor is it above the calculated guideline imprisonment range

of 188 to 235 months, nor has the government appealed his sentence. And to the extent he seeks to raise a claim based on his counsel's ineffective performance at sentencing, the plain language of the agreement preserved this kind of claim only on collateral attack. Indeed, the plea agreement expressly says that Jackson may bring an ineffective-assistance-of-counsel claim in a collateral attack but did not include the same language for direct appeals, reflecting that the parties intended to preclude Jackson from pursuing an ineffective-assistance-of-counsel claim on direct appeal.

There are no other applicable exceptions that would allow Jackson's ineffective-assistance claim to proceed. Jackson argues that his appeal waiver should not be enforced because to do so would constitute a miscarriage of justice, but we've never recognized this kind of exception to the enforcement of valid appeal waivers. *King*, 41 F.4th at 1368 n.3. Additionally, while the Supreme Court has granted certiorari in a case addressing the permissible exceptions to an appeal waiver, we must apply our precedent until the Supreme Court issues a decision changing our Court's law. *Gissendaner*, 779 F.3d at 1275. As for Jackson's argument that a direct appeal is appropriate based on certain of the court's comments -- that a sentence below the guideline range was appropriate and that his counsel would file a notice of appeal on his behalf if he wished -- it is foreclosed by our precedent. As we've squarely held, a district court's comments at sentencing do not alter the sentence appeal waiver. *Bascomb*, 451 F.3d at 1297. And finally, Jackson's appeal waiver is enforceable even if the district court blatantly

erred by imposing sentence within the guideline range after commenting that a sentence below the range was appropriate. *Grinard-Henry*, 399 F.3d at 1296.

Accordingly, we GRANT the government's motion to dismiss this appeal pursuant to the appeal waiver in Jackson's plea agreement.

**DISMISSED.**